ALONZO L. CLARK, APPELLEE, V. ALICE PARKS ET AL., APPELLANTS.

FILED FEBRUARY 8, 1906. No. 13,972.

Judgment: COLLATERAL ATTACK. A judgment by a district court in conformity with a permissible interpretation of an obscure or ambiguous mandate from this court is not subject to collateral attack.

APPEAL from the district court for Adams county: ED. L. ADAMS, JUDGE. *Affirmed.*

*Batty & Dungan,* for appellants.

*John C. Stevens, contra.*

AMES, C.

This case comes here upon a petition and answer, and a bill of exceptions containing a stipulation of facts only, by which are disclosed the following state of facts. George W. Parks died intestate, and the owner of a tract of land in Adams county, Nebraska, then and previously occupied by himself and family as a homestead. He left surviving him two minor and eight adult children by a deceased

wife, and a widow and three minor children by a subsequent marriage. Among his papers and effects were found, after his death, two deeds executed by him in due form of law, and each purporting to convey one-half the land to one of the first mentioned minors. Shortly afterwards the deeds were filed for record in the office of the register of deeds of the county, and a joint action to set aside and cancel them, as being without consideration, and as not having been delivered during the lifetime of the purported grantor, was begun in the district court for the county by the widow and the administrator of the deceased and by all the heirs at law of the deceased, except the purported grantees, against the latter. Those of the plaintiffs who were minors appeared by their next friend and guardian, and the defendants by Mr. John C. Stevens as their *guardian ad litem,* and the suit proceeded to trial and a judgment for the plaintiffs, from which an appeal was prosecuted by the defendants to this court. The case was disposed of here at the January term, 1900, pursuant to a written stipulation by counsel filed with the clerk, in consideration of which the court, as recited by its mandate, afterwards duly transmitted to the district court, adjudged that the appeal be dismissed at the costs of the appellees (plaintiffs below), "and that the costs of the case shall be paid by the estate of George W. Parks, deceased, and that the decree from which said appeal was procured shall remain in full force as if no appeal had been procured, and that the attorney's fees, of one John C. Stevens, Esq., representing the guardian of, and the minor heirs, shall be fixed by the judge of the tenth judicial district of Nebraska, in and for Adams county therein, and paid from the estate of George W. Parks, deceased, *and judgment accordingly rendered,"* and the cause was remanded for further proceedings pursuant to such directions, and "according to right and justice and the laws of the state of Nebraska." Upon the receipt of this mandate the district court on the 4th day of April, 1900, assessed the amount of Stevens' recovery at $150 and adjudged the

same to be a lien upon the premises in controversy. From this judgment no proceedings in appeal or error were ever prosecuted, and Stevens assigned his lien to the plaintiff who later began this action for its foreclosure and obtained a decree to that effect, and for the sale of the premises for its satisfaction, from which this appeal was taken.

The contention of appellant is that the judgment appealed from, in so far as it assumes to adjudge a lien upon the lands, is in excess of the authority conferred by the mandate, and that the latter was the sole source of jurisdiction for the rendition of any judgment at all, and that as to the excess the judgment is wholly void and open to collateral attack; but the appellee argues that the judgment is, at most, only erroneous and could have been successfully impeached, if at all, by direct proceedings in error or by appeal. The judgment and mandate of this court appear to have been inconsiderately rendered "as per stipulation," and the judges are not responsible for their ambiguity. Nevertheless they are in the form and have the force and effect of judicial acts, and were mandatory upon the judge of the district court, who was bound to interpret them and to take such action upon them as they seemed to him to require. Can it be said that his interpretation of them is so obviously variant from their meaning as to render his judgment, consequent thereon, absolutely void and open to collateral attack, as is attempted in the present case? We think not. There is at least equal, and we think greater difficulty with the construction proposed by the appellants. Let us see: The administrator was but a nominal party to the former action in which he had, and could have had, no interest or concern. The law did not give him possession of the homestead or charge him with any duty concerning it. He could not have distributed it to the heirs of the deceased or have impounded it for the benefit of creditors. He was not only not charged with the duty of defending it or the possession of it for the benefit of the widow and minor children

of the deceased, but if he had done so at the expense of his trust he would have rendered himself liable by so doing, both civilly and criminally.  But the mandate (mandamus) imperatively required the district judge not only to ascertain the amount due Stevens for attorney's fees, but to adjudge somebody or something to pay it.  Who or what should it have been?  Certainly not the general estate of the decedent which was distributable to creditors and to the widow and heirs at law in equal proportions. We think that a more reasonable view was taken by the district judge, namely, that by the expression, "the estate of George W. Parks," found in the mandate, was meant so much or such part of that estate as was the subject of litigation and before the court, and that since there was no party before the court who could by any possibility be held personally liable for the attorney's fees of Stevens, or against whom a judgment not void on its face could have been rendered, the requirement to "render a judgment" for said fees intended a judgment against the homestead.  If, however, this latter interpretation is not correct or if, in other words, the court was mistaken as to the meaning and legal effect or even the validity of the mandate, he was guilty of such a fault only as may intervene in the construction of any document in the trial of any action, and his judgment, as in other such cases, is merely erroneous, but not void and not subject to collateral attack.

We therefore recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.